# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO AIRHART, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 4252 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Joan H. Lefkow |
| WATTS, et. al., | ) | |
| | ) | Magistrate Judge |
| Defendants. | ) | Sheila M. Finnegan |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES, the Defendant, C/O WATTS ("Defendant"), by and through his attorney, ANITA ALVAREZ, State's Attorney of Cook County, through KEVIN J. KOCIM, Assistant State's Attorney, and submits Defendants' Answer to Plaintiff's Complaint states as follows:

## STATEMENT OF CLAIM

1) On Dec. 17, 2015 detainee Airhart #20141212211 was in the day room enjoining my time out when Officers was called to the wing about an alteration that had nothing to do with me. This issue happened on 2A – Div. 9 and Cook County Jail.

    **ANSWER**: **Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's Complaint.**

2) Once the C/O's arrived on 2A the Sergeant ordered al detainees to lock up.

    **ANSWER**: **Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 2 of Plaintiff's Complaint.**

3) Upon me backing I left my thermal on the patio so as I was going to get it Officer Watts used excessive force with great malicious, striking me many times in the head and eye before tackling me to the floor. And continued to swing.

**ANSWER**: **Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.**

4) Tom Dart played no part and the issue at hand but being head Sheriff it's his job to make sure all detainees are safe from cruel and unusual punishment. Thanks Antonio Airhart 20141212211.

**ANSWER**: **Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.**

## AFFIRMATIVE DEFENSES

Defendant, C/O Watts, by his attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Kevin Kocim, and pleads the following Affirmative Defenses:

1. Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant is entitled to the defense of qualified immunity.

2. The Plaintiff was at all relevant times and the date of filing, a prisoner. The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages. The

Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004), therefore his claims are barred.

3. To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under § 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Therefore, to the extent the Defendant is named in their official capacity, Defendant is immune from having to pay punitive damages to Plaintiff.

4. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in the case. In addition, to the extent that Plaintiff failed to take reasonable measures to mitigate any of his claimed injuries or damages, those facts shall be presented to preclude recovery for Plaintiff and any verdict or judgment obtained by Plaintiff must be reduced by the amount of damages attributed to Plaintiff by the jury in this case.

5. Defendants also reserve the right to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

## JURY DEMAND

Defendant, C/O Watts, hereby demand a jury trial.

                              Respectfully Submitted,

                              ANITA ALVAREZ
                              State's Attorney of Cook County

By:     /s/ *Kevin J. Kocim*
           Kevin J. Kocim
           Assistant State's Attorney
           500 Richard J. Daley Center
           Chicago, IL 60602
           (312) 603-6189